IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DELOIS BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-983-KFP |
| | ) | |
| FARMERS INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Plaintiff Delois Baxter's Motion to Remand. Doc. 13. Defendant

Farmers Insurance removed this case from the Circuit Court of Montgomery County on

December 15, 2025. Doc. 1. Defendant avers this Court has subject matter jurisdiction

under diversity jurisdiction because the parties are completely diverse and the amount in

controversy is satisfied. Doc. 1; Doc. 12.

On June 3, 2026, the Court ordered Defendant show cause why this case should not

be dismissed for lack of subject matter jurisdiction and ordered the parties to respond. Doc.

11. Defendant filed a response arguing that because Plaintiff has not "expressly

disclaim[ed] the right to recover more than the jurisdictional minimum in her Complaint,"

that the requirements for diversity jurisdiction are satisfied. Doc. 12 ¶¶ 2–3. Plaintiff filed

a Motion to Remand. Doc. 13. Defendant opposes the Motion to Remand. Doc. 14.

On July 15, 2026, the Court held a hearing on the Motion to Remand. During the

hearing, Plaintiff conceded that, per the allegations in the Complaint, punitive damages and

mental anguish damages are at issue and that the jurisdictional threshold amount in controversy is met.

For the reasons below, the Court finds that the Motion to Remand is due to be DENIED.

## I.     LEGAL STANDARD

Federal courts have limited jurisdiction and possess only the power authorized by a statute or the Constitution. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction. *Id.* The burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a "[d]efendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing." *Id.* Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (alteration in original) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). Accordingly, a defendant's removal burden is a heavy one. *Burns*, 31 F.3d at 1095.

Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). When a plaintiff has not pleaded a specific amount in damages, "the removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). In some cases, "it may be 'facially apparent' from the [complaint] itself that the amount in controversy exceeds the jurisdictional minimum[.]" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* at 1061. "[T]he ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

"While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000); *Lee Mem. Health Sys. v. Blue Cross & Blue Shield of Fla.*, 248 F. Supp. 3d 1304, 1310 (M.D. Fla. 2017).

## II.    BACKGROUND

This is a homeowner's insurance policy dispute in which Plaintiff seeks recovery for an insurance claim she submitted to Defendant concerning property damage to her home. Doc. 1-1 ¶¶ 15–16; Doc. 13 at 5–6. Specifically, Plaintiff claims Defendant failed

3

to pay Plaintiff for repairs to her home which include payment for replacing Plaintiff's roof and drywall and performing repairs to an outbuilding. Doc. 1-1 ¶ 17; Doc. 13 at 5–6. In her Complaint, Plaintiff alleges breach of contract and bad faith for failure to pay or investigate Plaintiff's claim. Doc. 1-1 ¶¶ 19–41.

### III.    DISCUSSION

Defendant removed the case pursuant to federal diversity jurisdiction. Doc. 1. There is no dispute that the action is between completely diverse parties: Plaintiff is a citizen of Alabama and Defendant is incorporated in Rhode Island and has its principal place of business in California. Doc. 1 ¶¶ 6–8; Doc. 1-1 ¶ 2; Doc. 13. Instead, the dispute centers on the amount in controversy—Plaintiff did not allege a specific amount in her Complaint and only alleged that "[t]he amount in controversy exceeds the minimum jurisdictional limits of this Honorable Court but does not exceed $75,000." Doc. 1-1 ¶ 10. Yet, Plaintiff seeks "all cognizable damages under the law, including but not limited to compensatory damages, economic losses, mental anguish, contract damages, and punitive damages[.]" Doc. 1-1 ¶ 42. Attached to Defendant's Notice of Removal is Plaintiff's pre-suit demand in the amount of $54,331.87, which references a supporting estimate and documentation. Doc. 1-2 at 2.

Defendant argues Plaintiff's statement limiting damages in her Complaint "does not constitute a binding limitation" because Plaintiff has not appropriately "formally and expressly disclaim[ed] the right to recover more than the jurisdictional minimum[.]" Doc. 12 ¶¶ 2–3 (citing *Hendrix v. State Farm Fire & Cas. Co.*, 2025 U.S. Dist. LEXIS 107794 (M.D. Ala. June 6, 2025)). Defendant argues, because Plaintiff's statement does not

expressly disclaim entitlement to an amount more than the jurisdictional minimum, the Court must only determine whether Defendant has satisfied the preponderance of the evidence standard showing that the amount in controversy exceeds the jurisdictional threshold. Doc. 12 ¶ 5. Critically, Defendant argues that despite the repair estimate amounting to only $54,331.87, Plaintiff's other damages claimed in her Complaint, including punitive damages and mental anguish, "places the amount in controversy above the jurisdictional threshold." Doc. 12 ¶¶ 7–14. In the response brief, Plaintiff argues Defendant has failed to satisfy its burden because Defendant's attempt to place a value on the punitive damages claim "would require the court to engage in 'pure speculation.'" Doc. 13 at 6 (citing *Dean v. Sears Roebuck & Co.*, 2014 U.S. Dist. LEXIS 29332, at *23–24 (S.D. Ala. Mar. 7, 2014)).[1]

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301 (M.D. Ala. 1999) (second alteration in original) (quoting *Tapscott*, 77 F.3d at 1357). This "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Id.* (quoting *Tapscott*, 77 F.3d at 1357).

---

[1] As noted above, at the hearing, Plaintiff conceded her claims for punitive damages and mental anguish damages along with the estimated repair costs place the amount in controversy over $75,000 based on the Complaint's allegations.

"A court may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent' that the amount in controversy has been met." *Hendrix*, 2025 U.S. Dist. LEXIS 107794, at *5 (quoting *Roe*, 613 F.3d at 1061–62). "A court 'need not suspend reality or shelve common sense' when determining whether the jurisdictional amount is satisfied." *Id.* (quoting *Roe*, 613 F.3d at 1061–62). When considering the evidence, the Court is not limited to Plaintiff's Complaint, but "may consider the evidence in and outside the petition for removal and motion to remand." *Lee Mem. Health Sys.*, 248 F. Supp. 3d at 1310. This evidence "must be judged at the time of removal and must support the grounds for removal found in the Notice of Removal." *Id.*

Here, it is not facially apparent from the Complaint whether the amount in controversy has been satisfied because the Complaint only states "[t]he amount in controversy exceeds the minimum jurisdictional limits of this Honorable Court but does not exceed $75,000." Doc. 1-1 ¶ 10. The Complaint also notes Plaintiff is seeking "all cognizable damages under the law, including but not limited to compensatory damages, economic losses, mental anguish, contract damages, and punitive damages.[.]" Doc. 1-1 ¶ 42. For this reason, it is appropriate to consider Defendant's Notice of Removal and other relevant evidence in the record at the time of removal as it pertains to the amount in controversy. *Hendrix*, 2025 U.S. Dist. LEXIS 107794, at *5.

Defendant provides Plaintiff's pre-suit demand in the amount of $54,331.87, which was based upon an estimate and supporting documentation. Doc. 1-2. On its own, the repair costs iterated in the demand do not satisfy the jurisdictional requirement. However,

Defendant avers the remaining $20,668.13 to reach the over $75,000 jurisdictional threshold can be accounted for by considering the potential value of Plaintiff's mental anguish damages and punitive damages. Doc. 12 ¶¶ 7–12.

Here, Plaintiff's Complaint alleges breach of contract and seeks damages for mental anguish. Doc. 1-1 ¶¶ 19–24, 42. The Alabama Supreme Court has held in breach of insurance contract claims is that the "the law in this state does not permit recovery for . . . mental anguish and suffering" in such an action. *Brown v. State Farm Fire & Cas. Co.*, 358 F. Supp. 3d 1265, 1281 (N.D. Ala. 2018) (quoting *Vincent v. Blue Cross-Blue Shield, Inc.*, 373 So.2d 1054, 1056 (Ala. 1979)). However, there is an exception allowing for mental anguish or suffering claims where the action involves a breach of a contract related to "the repair or construction of a house or dwelling . . . where the breach affected habitability." *Id.* (internal citations omitted). Because Plaintiff has alleged a breach of contract claim as it relates to the insurance for her home and alleged failure to pay repair costs under the insurance contract, the Court can reasonably infer that mental anguish damages may be considered when assessing the amount in controversy.

In addition, Plaintiff seeks punitive damages. Doc. 1-1 ¶ 42. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (per curiam). Plaintiff has conceded punitive damages are at issue. And, as Defendant posits, "Alabama law permits an award of punitive damages in an amount three times the compensatory damages awarded or $500,000, whichever is greater." *See Battle v.*

*Nationwide Mut. Fire Ins. Co.*, 2020 U.S. Dist. LEXIS 34389, at *8–9 (N.D. Ala., Feb. 28, 2020) (citing Ala. Code § 6-11-21(a)). More specifically, in the context of claims asserted against insurance companies that allege "contract breach, fraud, or other intentional torts, Defendant notes the punitive damages verdict often exceeds the compensatory damages verdict." Doc. 12 at 5 (quoting *Henry v. Nationwide Ins. Co.*, 2007 U.S. Dist. LEXIS 62428, at *7 (S.D. Ala., Aug. 22, 2007)).

In addition to the persuasive case law cited above, the Court is further persuaded by the comparable facts in this Court's decision in *Hendrix*. Like the present matter, *Hendrix* involved a homeowner's insurance policy dispute where Hendrix suffered damage to his roof, filed a claim, and alleged State Farm refused to pay. 2025 U.S. Dist. LEXIS 107794, at *1–2. Similar to the facts presented here, in *Hendrix*, Hendrix made a pre-suit demand and eventually sued State Farm in state court seeking damages for breach of contract and bad faith. *Id.* at *2. State Farm then removed the case to this Court under diversity jurisdiction. *Id.* at *3. Hendrix was seeking damages amounting to at least $59,039.87 for the repairs to his roof in addition to other damages including for attorney's fees and bad faith. *Id.* at *2–6. Hendrix's complaint did not include an "explicit request for punitive damages," but attempted to limit his breach of contract claim to a figure between $60,000.00 and $74,999.99. *Id.* at *2–3. On Hendrix's motion to remand, the case presented the sole issue of whether the amount in controversy was satisfied. *Id.* at *4. Critically, in determining whether the jurisdictional minimum was satisfied, the Court considered Hendrix's "bad faith claim" which the Court found "put punitive damages on the table even if the Complaint [did] not expressly include the phrase 'punitive damages.'"

8

*Id.* at \*6–7 (citing *Holley*, 821 F.2d at 1535). At issue in assessing the amount in controversy was Hendrix's pre-suit demand offer seeking $59,039.87, as well as the $12,000 figure for attorney's fees, and the inferred punitive damages based on the bad faith claim. *Id.* at \*6–7. There, the Court found Hendrix's complaint satisfied the jurisdictional minimum despite his attempts to limit damages to no more than $74,999.99 in his complaint. *Id.* at \*4, 7–8.

Here, Plaintiff's bad faith claim alleges Defendant had a "conscious intent to injure the Plaintiffs by not paying Plaintiffs['] Claim as presented and failing to properly investigate" and that Defendant engaged in "malice, willfulness, and wanton and reckless disregard for the rights of the Plaintiffs." Doc. 1-1 ¶¶ 39–40. The Court does not have to engage in raw speculation to reasonably infer on the allegations that the remaining $20,668.13 to reach the over $75,000 jurisdictional threshold is in controversy based upon the claims for recovery of mental anguish and punitive damages when the repair costs were $54,331.87 as of March 17, 2025 (Doc. 1-2). *See Hendrix*, 2025 U.S. Dist. LEXIS 107794, \*6–7 (finding that based on punitive damages being on the table, "the Complaint's allegations lead to the reasonable inference that Hendrix's lawsuit places a much larger amount in controversy than simply the $71,039.87 for repair to his roof, interior painting [($59,039.87)], and attorney's fees [($12,000 plus)]."). Thus, because the Court must consider the Complaint and the relevant record evidence at the time of removal when determining whether the jurisdictional threshold has been satisfied, *Hendrix*, 2025 U.S. Dist. LEXIS 107794, at \*5, the Court finds Defendant has shown by a preponderance of

the evidence the value of compensatory damages, mental anguish damages, and punitive damages satisfies the requisite amount in controversy for diversity jurisdiction.

## IV.    CONCLUSION

For the reasons stated above, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000; thus, the Court has subject matter jurisdiction over the claims. Therefore, it is ORDERED Plaintiff's Motion to Remand (Doc. 13) is DENIED.

DONE this 16th day of July, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE